UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 15-23491-CIV-MORENO

POMPANO IMPORTS, INC., a Florida
corporation, d/b/a VISTA MOTOR
COMPANY, in the name of the FLORIDA
DEPARTMENT OF HIGHWAY SAFETY
AND MOTOR VEHICLES and the STATE OF
FLORIDA for the use and benefit of
POMPANO IMPORTS, INC.,

        Plaintiff,

vs.

BMW OF NORTH AMERICA, LLC, a
Delaware limited liability company; and
AUTO COMPANY XXVII, INC., a Delaware
corporation, d/b/a BMW OF DELRAY
BEACH,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER STAYING RELATED PROCEEDINGS BEFORE THE DIVISION OF ADMINISTRATIVE HEARINGS OR, ALTERNATIVELY, FOR INJUNCTIVE RELIEF

THIS CAUSE came before the Court upon Plaintiff's Motion for Entry of an Order Staying Related Proceedings Before the Division of Administrative Hearings or, Alternatively, for Injunctive Relief (the "Motion"). *See* D.E. 1-4 (hereinafter "Pl.'s Mot.").

The Motion was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on September 16, 2015, before the case was removed to this Court on September 17, 2015. *See* D.E. 1. Both Defendants filed separate Responses in Opposition to Plaintiff's Motion on October 1, 2015, and Plaintiff filed a Consolidated Reply on October 13, 2015. *See* D.E. 21, 22, 33.

THE COURT has considered the Motion, the Responses and Reply, the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, it is **ADJUDGED** that the Motion is **DENIED**.

## I. BACKGROUND

This case arises out of a decision by Defendant BMW of North America, LLC ("BMW NA") to establish Defendant Auto Club XXVII, Inc. ("BMW of Delray") as a new BMW dealership in Delray Beach, Florida. BMW of Delray is not currently licensed or in operation. Plaintiff Pompano Imports, Inc. ("Vista") owns and operates two BMW dealerships in Broward County, one in Coconut Creek and one in Pompano Beach.

The Florida Legislature has established a specific regulatory scheme that governs the relationship between motor vehicle franchisors and their franchisees and the licensing of new dealerships, and has given the Florida Department of Highway Safety and Motor Vehicles (the "Department") the authority to enforce that scheme. *See* Fla. Stat. §§ 320.60–.70 (the "Dealer Act"); Fla. Stat. §§ 320.27, 320.642. Under this scheme, when a manufacturer proposes to establish a new dealership, the manufacturer must "give written notice of its intention [to establish a new dealership] to the department." Fla. Stat. § 320.642(1). Upon receiving that notice, the Department is charged with both publishing notice and sending notice to other dealerships of the same line-make within a certain radius of the proposed new dealership. *See id.* Dealerships within that radius may file a protest with the Department. *See id.* If they do, then the Department must deny the proposed new dealership a license unless the manufacturer demonstrates that "the existing franchised dealer or dealers . . . are not providing adequate representation of [the] line-make motor vehicles in [the] community or territory." Fla. Stat. 320.642(2)(a).

In early July 2015, BMW NA notified the Department of its intent to establish BMW of Delray as a new BMW dealership. On July 24, 2015, the Department published notice of that intent and also mailed notice to Vista. Thereafter, on August 19, 2015, Vista filed a six-count Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, seeking, among other things, (1) a declaration that BMW NA and BMW of Delray cannot establish that it is not adequately represented by "the existing franchised dealers who register new retail sales or retail lease of BMW passenger cars . . . in the community or territory" of the proposed new dealership; (2) an injunction preventing BMW NA from establishing BMW of Delray based on BMW NA's inability to establish that it is not adequately represented by existing franchisees; and (3) damages and injunctive relief due to BMW NA's alleged breaches of contract and violations of statutory requirements regarding warranty reimbursements. *See generally* Compl. (D.E. 1-1 at 2–27). BMW NA and BMW of Delray removed the case to this Court on September 17, 2015, and both have filed Motions to Dismiss. *See* D.E. 1, 13, 14.

Two days after filing its Complaint, Vista also filed protests with the Department pursuant to Section 320.642. *See generally* Pl.'s Mot., Ex. 2. Vista stated in its protests that they were filed "as a protective measure and in an abundance of caution to preserve [Plaintiff's] rights," but requested that the protests be stayed pending resolution of the instant action in court. *Id.* at ¶ 8. The Department referred the matter to the Florida Department of Administrative Hearings ("DOAH"), which has denied Vista's motion to stay the protests from moving forward. In denying Vista's motion, the ALJ held that "the straightest and shortest (if not the only) path to . . . [approval of the new dealership] is this administrative proceeding." D.E. 22-1 at 4. The DOAH has scheduled the evidentiary hearing on Vista's protests for March 2016. *See* BMW NA's Resp. to Pl.'s Mot. at 4 (D.E. 21); BMW of Delray's Resp. to Pl.'s Mot. at 4 (D.E. 22).

Having failed to obtain a stay from the DOAH, Vista now asks this Court to stay or enjoin the DOAH proceedings.

## II.  DISCUSSION

Vista purports to ask the Court for an order staying the hearing before the DOAH. However, what Vista is really asking this Court to do is enjoin the DOAH from exercising the powers statutorily granted to it by the Florida Legislature. Injunctions are generally creatures of necessity, not simply of convenience, and thus are generally appropriate only when there is potential for irreparable harm. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("A showing of irreparable injury is the sine qua non of injunctive relief.") (internal citations and quotations omitted); *Fla. Bd. of Regents v. Armesto*, 563 So. 2d 1080, 1081 (Fla. 1st DCA 1990) (vacating an injunction precluding an administrative agency from bringing formal charges after rejecting a claim of irreparable injury based solely on the "possible consequences" of the administrative proceeding). In this case, the Court fails to see how allowing the DOAH to resolve Vista's protests threatens to cause Vista irreparable harm—even if the DOAH and this Court have concurrent jurisdiction—especially when Vista itself is responsible for instituting both proceedings.

Vista asserts that "[a] stay is particularly necessary here to prevent the harm to Vista from potentially incongruous rulings and results in the parallel [DOAH] Action, which Vista only filed as a protective measure." Pl.'s Mot. at 21. The only issue pending before the DOAH, however, is whether the current BMW dealers are providing adequate representation under Section 320.642, and Vista's pending breach of contract and warranty reimbursement claims are entirely distinct from that inquiry. Vista should therefore have no problem pursuing the best possible resolution for itself before the DOAH, while still seeking "complete relief with respect to all

aspects of [its] claims" before the Court. Pl.'s Reply in Supp. of Pl.'s Mot. at 10 (D.E. 35). To the extent that the maintenance of parallel proceedings does result in incongruous rulings and results, that problem is entirely self-inflicted, as Vista itself instituted both the lawsuit before this Court (on August 19, 2015) and the DOAH proceeding (on August 21, 2015).

Plaintiff also argues that the Court should enjoin the DOAH proceeding under the First-to-File Rule. *See* Pl.'s Mot. at 14–18. The First-to-File Rule is a doctrine of judicial comity. It states that when there are two parallel proceedings involving the same parties and the same issues in two different fora, the "usual practice" is to suspend the proceedings in the later filed action until the first action is resolved. *Shooster v. BT Orland Ltd. P'ship*, 766 So. 2d 1114, 1116 (Fla. 5th DCA 2000); *see also, e.g., Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135–36 (11th Cir. 2005) ("[W]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed under the first-filed rule."). But all the cases cited by Vista invoking the First-to-File Rule involve a "race to the courthouse" by *different* parties; none of the cases involve one party invoking the First-to-File Rule when that party instituted both proceedings.[1] In addition, the First-to-File Rule is not a hard-and-fast rule. *See Manuel*, 430 F.3d at 1136. Rather, it simply creates a presumption in favor of the forum of the first-filed action that can be overcome by compelling circumstances. *See id.* The Court finds that, under the facts of this case,

---

[1] *See Shooster*, 766 So. 2d at 1114 (respondent filed declaratory action in circuit court while petitioner filed action in federal court); *Mabie v. Garden St. Mgmt. Corp.*, 397 So. 2d 920 (Fla. 1981) (Mabie filed suit in Escambia County while Garden Street filed suit in federal court); *Wade v. Clower*, 114 So. 548 (Fla. 1927) (Clower filed suit in circuit court while defendants filed suit in federal court); *ITT-Community Dev. Corp. v. Halifax Paving, Inc.*, 350 So. 2d 116 (Fla. 1st DCA 1977) (state court action filed by one party and federal court action filed by another party); *Suntile Condo. Ass'n, Inc. v. Div. of Fla. Land Sales*, 504 So. 2d 1343 (Fla. 1st DCA 1987) (condominium association filed suit in circuit court and unit owners filed administrative proceeding); *Lawyers Prof'l Liab. Ins. Co. v. Shand, Morahan & Co., Inc.*, 394 So. 2d 238 (Fla. 1st DCA 1981) (federal court action filed by one corporation and administrative proceeding filed by different corporation).

5

compelling circumstances do exist for not following the First-to-File Rule, as Vista should not be allowed to unilaterally manipulate the timing of its filings and then claim the benefit of the First-to-File Rule.

Finally, the Court must consider the equities with respect to *both* parties in ruling on the Motion. While it is true that deference should be given to Vista's choice of forum, Defendants also have a right to have this dispute resolved as expeditiously as possible. As the ALJ noted, Defendants need a license to establish a new dealership, and only the DOAH can issue that license, "subject to judicial review of the final agency action." D.E. 22-1 at 3. The ALJ also reasoned that "[a]bating this proceeding would consign BMW-NA and [BMW of Delray] to a potentially protracted judicial proceeding that, if not ultimately fatal to their business plans, likely would delay the establishment of the new [dealership]." *Id.* at 4. An evidentiary hearing before the DOAH on Vista's protests is already set for March 2016. It should proceed as scheduled.

### III.  CONCLUSION

For the foregoing reasons, it is

**ADJUDGED** that Plaintiff's Motion for Entry of an Order Staying Related Proceedings Before the Division of Administrative Hearings or, Alternatively, for Injunctive Relief is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10 of November 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record